**ORIGINAL**

PUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM PLEMENITAS,

    Plaintiff,

vs.

PORT JERVIS CITY SCHOOL DISTRICT,

    Defendant.

-----------------------------------------------x

**JUDGE KARAS**

**COMPLAINT**

**08 CIV. 3891**

By and through his counsel, Michael H. Sussman, plaintiff William Pleminitas, hereby complains of defendant as follows:

I. **PARTIES**

1. Plaintiff, William Plemenitas, resides in the City of Port Jervis, County of Orange, within this judicial district.

2. Defendant, Port Jervis City School District, is located in the County of Orange, within this judicial district.

3. Said defendant is a municipal corporation which may sue and be sued under the Americans with Disabilities Act, 42 U.S.C. sec. 12101, et seq. [hereinafter "the ADA"].

II. **JURISDICTION**

4. On or about May 15, 2007, within 300 days of the acts which plaintiff

1

claimed defendant committed in violation of the ADA, plaintiff filed a complaint of disability discrimination with the EEOC [Charge No. 16G A7 03123].

5. On February 28, 2007, the United States Department of Justice mailed plaintiff a right to sue letter enabling him to initiate this matter within ninety [90] days.

6. As plaintiff has timely filed the Summons and Complaint, this Honorable Court has jurisdiction pursuant to the ADA as well as 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. sec. 1988.

### III. **FACTUAL ALLEGATIONS**

7. Plaintiff has been employed as a cleaner for defendant since 1991.

8. During the last five years of his employment, plaintiff has received highly satisfactory performance evaluations.

9. Plaintiff's immediate supervisor at the Port Jervis Middle School, Craig Curtis, has not complained about plaintiff's performance or recommended his termination.

10. Plaintiff suffers from clinical anxiety, depression and insomnia.

11. Beginning in 2005 and continuing through early 2007, plaintiff repeatedly advised defendant of his mental condition by providing its Human Resources Office notes from his treating psychiatrist and physician.

12. Defendant and its agents have known of plaintiff's mental status for several years before taking the adverse actions complained of herein.

13. In the spring 2007, Daniel Green, a day supervisor for the custodial staff, accused plaintiff of not properly discharging his job responsibilities.

14. This accusation was false.

15. Plaintiff sought to discuss this matter with Mr. Green.

16. Mr. Green proceeded to fabricate substantial portions of his interaction with plaintiff.

17. Mr. Green led plaintiff to an office occupied by a secretary.

18. Once in that room, Mr. Green berated and cursed at plaintiff and would not let him leave.

19. As a consequence of Green's fabrications, the district suspended plaintiff without pay, baselessly deeming him a threat to others.

20. About a month after this incident, the defendant terminated plaintiff and promulgated disciplinary charges against him.

21. These charges sought to resuscitate employment matters long since resolved during plaintiff's employment.

22. These charges also sought plaintiff's dismissal on the following basis: "plaintiff] is unable to discharge his duties...in a competent and safe manner

*due to his mental and psychiatric condition and as such his continued presence on the job constitutes a threat to the health, safety and welfare of his immediate supervisors, district personnel and the students attending the Port Jervis School District.*" [emphasis added].

23. In support of this charge, the defendant stated as follows: "it is believed that the Employee suffers from *multiple mental disorders* in the form of *severe anxiety, depression and other psychiatric disorders*". *[emphases added]*.

24. In further support of this charge, defendant states, "the Employee's continued presence as an employee of the Port Jervis City School District presents an eminent [sic] threat and danger to the immediate health, safety and welfare of the Employee's immediate supervisor, fellow employees, District personnel in general and the health, safety and welfare of the students attending the Port Jervis City School District and specifically the Port Jervis Middle School."

25. The language set forth in quotations in paras. 23-25 above was drafted by counsel, William Onofry, Esq., on behalf of the defendant.

26. Defendant Board of Education ratified such language and approved said charge and the specification in support of said charge.

27. Before drafting said language and before approving said charge, neither

Mr. Onofry nor the members of defendant Board of Education had ever sent plaintiff for a mental health evaluation.

28. Before so charging plaintiff, defendant had no basis in fact for its stated belief that plaintiff represented an "eminent" [sic] threat to anyone.

29. Likewise, the other charges propounded against plaintiff and the defendant's stated desire to terminate plaintiff were motivated by blatant disability-based discrimination.

30. In point of fact, for the five years prior to the events of March 26, 2007, plaintiff's evaluations bespoke of and portrayed an employee fully capable of discharging all his duties in a competent, non-threatening manner.

31. The bringing of charges in this case and the subsequent maintenance of said charges through a wholly frivolous disciplinary proceeding was malicious and motivated by defendant's perception that plaintiff suffered mental illness.

32. Said mental illness was, in fact, not related to plaintiff's job performance and did not prevent him from discharging his job duties.

33. By dint of the discrimination visited upon him, plaintiff has suffered substantial economic and non-economic loss.

34. Exacerbating that loss, counsel for the school district failed to timely insure that his client paid paid plaintiff, as required by the collective bargaining

agreement, following an initial thirty day unpaid suspension.

35. Rather than timely pay plaintiff, counsel for the defendant and those acting in concert with him, held up payment, knowingly furthering plaintiff's mental distress, anxiety and suffering.

36. So proceeding despite their obvious knowledge of plaintiff's mental status represented further evidence of willful disability-based discrimination.

37. As a consequence of the conduct of defendant and its agents, plaintiff has been caused increased anxiety, depression and humiliation.

IV. **CAUSES OF ACTION**

38. Plaintiff re-alleges paras-1-37, as if fully repeated herein.

39. By suspending plaintiff and then terminating his employment on the basis of his disability or perceived disability and then failing to pay him as required by the collective bargaining agreement, defendant violated the Americans with Disability Act, 42 U.S.C. sec. 12101, et seq.

V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) empanel a jury to decide all legal issues within its compass;

c) award to plaintiff compensatory damages with pre and post-judgment interest;

d) award to plaintiff punitive damages with pre and post-judgment interest;

e) award to plaintiff the reasonable attorneys' fees and costs incurred in this matter, and

f) enter any other award in the interests of law and equity.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924

DATED: APRIL 30, 2008